UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL NAVA-ARELLANO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Case No.: 10-cr-3094-L<br><br>**ORDER:**<br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF NO. 15];**<br><br>**(2) DENYING REQUEST FOR COUNSEL ECF NO 60] and**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY.** |

Petitioner, Israel Nava-Arellano ("Petitioner" or "Nava-Arellano") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion" or "Petition"). The government filed a Response in Opposition ("Opposition" or "Oppo"). The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## I. FACTUAL BACKGROUND

Petitioner was brought to the United States by his parents in 1985, and he was granted admission from 1991 through 1998 under Family Unity Benefits. His parents are both naturalized citizens. His five daughters are United States citizens, as is his wife. On January 27, 1999, Petitioner was convicted of possession of a controlled substance in violation of California Health and Safety code section 11377 in the California Superior Court, County of San Diego. On March 1, 1999, Petitioner was ordered removed from the United States. On May 30, 2010, Nava-Arellano, an alien who had been previously removed from the United States, was found in the United States without being given express consent for his readmission.

## II. PROCEDURAL BACKGROUND

On August 4, 2010, Petitioner was charged by Indictment with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). On November 8, 2010, Petitioner filed a Motion to Dismiss pursuant to § 1326(d) alleging the removal upon which the 1326 charges relied was invalid because Nava-Arellano had not executed a knowing and voluntary waiver of appeal prior to his removal in March 1999. The government did not oppose the motion, and on December 20, 2010, a Superceding Information was filed alleging two counts of illegal entry into the United States in violation of 8 U.S.C. § 1325, one misdemeanor and one felony, to which Petitioner pled guilty. [ECF NO. 21, 22.] On December 21, 2010, this Court sentenced Petitioner to six months in custody on each count to run concurrently with a 1-year term of supervised release to follow. (Judgment [ECF NO. 25.] Petitioner was removed from the United States following his custodial sentence.

On April 25, 2011, while on supervised release, Petitioner was apprehended in the United States, and a Motion to Revoke Supervised Release was filed. [ECF NO. 26.] On June 12, 2012, Petitioner's Supervised Release was revoked, and he was sentenced to eight months in custody, with no supervised release to follow. (Judgment [ECF NO. 52.])

On January 4, 2019, Petitioner filed the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government filed a response in opposition on February 20, 2020. Petitioner filed a Motion for Appointment of Counsel on March 5, 2020. For the reasons set forth below, the Court denies Petitioner's Motion.

## III. DISCUSSION

Petitioner raises fifteen claims including ineffective assistance of counsel, actual innocence, prosecutorial misconduct, and unlawful arrest. The Government argues that the Motion must be dismissed because it is untimely, Petitioner waived his right to collaterally challenge the conviction in his plea agreement, the claims are procedurally defaulted, and Petitioner has failed to satisfy his burden to plead facts to establish his ineffective assistance of counsel claims.

### A. Statute of Limitations and Collateral Attack Waiver

#### 1. Timeliness

A prisoner in custody may move the court that imposed his sentence to vacate, set aside, or correct the judgment under section 2255 on the ground that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

Section 2255 provides that a hearing must be granted to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Blaylock*, 20 F.3d at 1465.

Judgment was entered by this Court on December 20, 2010. The one-year statute of limitations expired on December 20, 2011. However, Nava-Arellano filed the present Motion on January 4, 2019, more than seven years after the expiration of the statute of limitations. Petitioner has not asserted any exception applies to justify his delay in filing the Motion. Accordingly, the Motion is time-barred and is **DISMISSED** on this ground.

    2.    Waiver

Even if Petitioner was able to demonstrate his delay in filing the Petition was justified, it must be denied because he explicitly waived the right to appeal or collaterally attack his conviction and sentence as part of his written plea agreement. (Plea Agreement XI at 9). A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

In the plea agreement, Defendant initialed his assent that his plea was knowing and voluntary, and signed acknowledging that he fully understood the agreement's terms. (Plea Agreement at 3). During the plea colloquy before this Court on December 20, 2010, Defendant specifically agreed that he understood the concept of collateral attack, that he knew he had waived it, and that he had no questions about that waiver.

4

(Reporter's Transcript Change of Plea Hearing at 12). The record clearly indicates that Defendant knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. Petitioner does not challenge the validity of the waiver. Accordingly, the Court finds Defendant's collateral attack waiver was knowing and voluntary, and **DENIES** his motion.

### B. Procedural Default

Petitioner's various claims asserting Constitutional rights violations are also procedurally barred because he did not raise them on direct appeal.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51, (2006); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir.2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.") "In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim [on direct appeal]." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir.2007) (emphasis in original).

Nava-Arellano did not raise any of his claims concerning due process violations, double jeopardy, prosecutorial misconduct, unconstitutional search and seizure, and insufficient evidence on direct review, nor has he shown any objective factor impeded his ability to do so, therefore, his claims are **DISMISSED** as procedurally barred.

## C. Ineffective Assistance of Trial Counsel

Although ineffective assistance of counsel claims can survive collateral attack waivers, Petitioner's claims would nonetheless fail even if they were timely filed and not procedurally barred because he has not met his burden.

"[I]n the context of § 2255 challenges brought by federal prisoners, [collateral attack] waivers cannot bar IAC claims associated with the negotiation of plea agreements. *Washington v Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To satisfy the deficiency prong of the *Strickland* test, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and was not "within the range of competence demanded of attorneys in criminal cases." *Id*. at 687 (quoting in part *McMahan v. Richardson*, 397 U.S. 759, 771 (1970). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of professional assistance." *Strickland*, 466 U.S. at 689.

Nava-Arellano argues that his attorney failed to adequately explain the charges to him, failed to perform sufficient investigation, and pressured him into pleading guilty and signing the waiver of indictment, however Petitioner's claims do not assert any facts in support of his conclusory allegations. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (noting "conclusory suggestions" do not state a valid claim of ineffective assistance of counsel) Instead, he makes blanket assertions, and notably in claim two, repeatedly refers to his counsel as "she" or "her" when in fact his attorney was a man named John Lanahan. Petitioner has not met his burden to demonstrate that counsel's representation was deficient by a preponderance of the evidence, therefore, his claims are **DENIED**. A hearing is not required because Petitioner has not made "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982).

## IV. REQUEST FOR COUNSEL

Petitioner requests appointment of counsel to represent him with the present section 2255 Petition arguing that the complexity of his case warrants such representation, notably his actual innocence, insufficient evidence for prosecution and IAC claims. (Mot. 1 [ECF NO. 60.])

As explained above, Petitioner's claims are time-barred and impermissible due to his collateral attack plea agreement waiver, and these issues cannot be remedied by appointment of counsel. Therefore, the Court **DENIES** his request for appointment of counsel.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED**.

//
//
//
//
//

7

10-cr-3094-L

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255; **DENIES** a hearing on the matter; **DENIES** his Request for Appointment of Counsel, and **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED**

Dated: April 10, 2020

Hon. M. James Lorenz
United States District Judge